UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:11-CV-00071-FL

| | |
|---|---|
| TM, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| GARY CHARLES ANDERSON, ) | |
| KATHERINE GAIL ANDERSON, ) | |
| CYA OBX, LLC, ANDERSON HOMES ) | |
| OF THE OUTER BANKS, LLC, LINDA ) | |
| DESIBIA, ELIZABETH DESIBIA, ) | |
| ALEXANDRA DESIBIA, QUINN DESIBIA, ) | |
| and PARIS FASCHETTE, ) | |
| ) | |
| Defendants. ) | |

This matter is before the undersigned on plaintiff's motion objecting to an award of costs [D.E. 66] and defendants' bill of costs [D.E. 73]. Defendants filed a response in opposition to plaintiff's motion [D.E. 72]. The matter has been fully briefed and is ripe for ruling.

## BACKGROUND

Plaintiff filed complaint on December 21, 2011, asserting a federal claim pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO") along with several state law claims, all arising out of an alleged scheme to shield assets from plaintiff, a judgment creditor of defendants Gary and Katherine Anderson ("Andersons"). On March 27, 2012, the Anderson defendants filed a motion for costs pursuant to Rule 41(d) of the Federal Rules of Civil Procedure, which provides for an award of costs against a plaintiff who previously dismissed an action in one court and then filed another action based on or including the same claim against the same defendant. Among other things, the Andersons sought $1,265.00 in travel and

accommodation expenses paid to two potential trial witnesses. On September 26, 2012, the court granted in part the motion for costs, finding it "appropriate to award the actual costs of travel, meals and accommodations expended by these witnesses, not to exceed the $1,265.00 expense incurred by Gary Anderson." Sept. 26, 2012 Order at 14 [D.E. 64]. The Anderson defendants failed to provide sufficient documentary support to substantiate these costs, aside from the affidavit of Gary Anderson stating that he paid the witnesses $1,265.00. Therefore, the court directed the parties to attempt to reach an agreement on the appropriate amount and, in the event they were unable to do so, the Anderson defendants were to file a bill of costs within 14 days of the date of the order. Id. On October 30, 3012, plaintiff filed its motion objecting to an award of costs for failure to timely file a bill of costs, and on November 5, 2012, defendants filed a bill of costs.

## DISCUSSION

The court ordered the Anderson defendants to file a bill of costs within 14 days of the date of the order, which was entered September 27, 2012. Accordingly the bill of costs was due no later than October 11, 2012. Defendants filed their bill of costs on November 5, 2012, over three weeks after the deadline set by the court. Defendants contend that upon entry of the court's order, their counsel immediately requested substantiating documentation, but that the witnesses were paid in cash and did not retain their receipts for travel expenses. Defs.' Resp. to Pl.'s Mot. ¶¶ 2-3 [D.E. 72]. Furthermore, defendants claim that the delay in procuring supporting affidavits from their witnesses, who live in New York, was attributable to the impact of hurricane Sandy, and also note that their counsel's office, located in Nags Head, North Carolina, was closed from October 26-29, 2012 due to the storm. Id. ¶¶ 7-8.

2

While sympathetic to those impacted by hurricane Sandy, the deadline for filing the bill of costs was October 11, 2012, two weeks prior to the hurricane reaching the North Carolina coast. Defendants' proffered excuse for the untimely filing of the bill of costs is unavailing. Plaintiff's counsel twice, by letter, contacted defendants' counsel within the 14-day time period allowed by the court in an attempt to resolve the matter. See Mem. in Supp. of Pl.'s Mot. Ex. 1 & 2 [D.E. 67]. If defendants needed additional time to comply with the court's order, they could have filed a motion for an extension of time, but they failed to do so. Accordingly, defendants' bill of costs was untimely and must be disallowed. See Local Civil Rule 54.1(a)(3) ("The failure of a prevailing party to *timely* file a bill of costs *shall* constitute a waiver of any claim for costs.") (emphasis added).

## CONCLUSION

Plaintiff's motion objecting to an award of costs [D.E. 66] is GRANTED, and defendants' bill of costs [D.E. 73] is DENIED.

SO ORDERED. This 18th day of January 2013.

_____
Julie A. Richards
Clerk of Court

3